UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HAROLD A. HARVEY, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:24-CV-30-TLS-JEM |
| RHODA M. WILDER, JASON HARVEY, LYNSE HARVEY, and JAMES HARVEY, | |
| Defendants. | |

**OPINION AND ORDER**

Harold A. Harvey, a prisoner without a lawyer, filed a Complaint. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In this lawsuit, Harvey seeks to recover a total of $20,000 from various family members who he alleges stole his home and other possessions after he was incarcerated. He says he reported the theft to the police, and they did nothing to get his possessions back. Instead, they told him that he needed to sue the people involved. However, this Court does not have jurisdiction over this conflict among family members in Indiana.

Federal courts, unlike state courts, have limits on the types of cases that they can hear. *See Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006) ("Federal courts are courts of limited jurisdiction[.]"). To bring this case within federal jurisdiction, Harvey must

either bring a claim based on a federal question, 28 U.S.C. § 1331, or allege a basis for diversity jurisdiction, 28 U.S.C. § 1332. This case involves purely private behavior—a dispute among family members—which takes it outside the realm of federal law.[1]

Thus, to proceed in this court, Harvey must plausibly allege a basis for diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction requires (1) the plaintiff to be a citizen of a different state than each defendant and (2) the amount in controversy to exceed $75,000. 28 U.S.C. § 1332. For individuals, "state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (per curium). Domicile requires physical presence in a state with the intent to remain there. *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Harvey does not allege any party's citizenship, but he explicitly states that he, his mother, and his brother all live in Indiana. It is implausible that they are not also Indiana citizens. Harvey cannot sue another Indiana citizen in federal court under diversity jurisdiction. In addition, Harvey seeks only $20,000 in damages, which is far short of the $75,000 needed for diversity jurisdiction.

This case cannot proceed in federal court. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Here, most, if not all, of the defendants share Harvey's Indiana citizenship; even having one Indiana citizen as a defendant

---

[1] Harvey did not name as a defendant any of the police officers he contacted for help. But even if he did, their involvement would not provide a basis for federal jurisdiction. "There is no affirmative duty on police to investigate." *Whitlock v. Brueggemann*, 682 F.3d 567, 588 (7th Cir. 2012) (citing *Town of Castle Rock v. Gonzales*, 545 U.S. 748 (2005)); *see also Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) ("We note at the outset that Rossi does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction.").

2

prevents this case from being heard in federal court. This problem with the Court's subject matter jurisdiction cannot be fixed.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

SO ORDERED on May 8, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3